Green, J.
delivered the opinion of the court.
In this case, the court below charged, “that if the vendor remained in possession of the goods after an absolute bill of sale, it is prima facie evidence of fraud, though perhaps not conclusive.” This part of the charge is in .accordance with the decision of this court in the case of Callen vs. Thompson. The court also told the jury that if the deed were fraudulent as to one article, it was void as to all. So this court held in the case of Handley vs. Darwin,. The court further told the jury that “if the bill of sale were made to defraud any existing creditors, it would be void as to all existing and subsequent creditors; and that it was sufficient evidence of the debt to produce the judgment and execution, though both might be subsequent to the bill of sale, without proving by other means, that John A. Young was indebted.” In this we perceive no *165 error. The judgments and executions are regular, and although two of the executions transpose the initials of Young’s Christian name, that is not material: the other two have the name correctly.
D. Craighead and Lacy, for plaintiffs in error.
JR. C. Foster and Jennings, for defendants.
Judgment affirmed.